UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. _____

KEVIN BECKMAN,
An Individual,

    Plaintiff,

v.

T-MOBILE USA, INC., a Foreign corporation, and CONVERGENT OUTSOURCING, INC., a Foreign corporation,

    Defendants.

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Kevin Beckman ("Plaintiff"), alleges Defendant, T-Mobile USA, Inc. ("T-Mobile"), violated the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"). Further, Plaintiff, Kevin Beckman, alleges Defendant, Convergent Outsourcing, Inc. ("Convergent"), violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**PARTIES**

1. Plaintiff is a natural person and resident of Lee County, Florida

2. Defendant, T-Mobile, is a foreign profit corporation with its principal place of business at 12920 S.E. 38th St. Bellevue, WA 98006.

1

3. Defendant, Convergent, is a foreign profit corporation with its principal place of business at 800 SW 39th Street, Suite #100, Renton, WA 98057.

## JURISDICTION AND VENUE

4. This Court has jurisdiction because Plaintiff's claim arises under the FDCPA, a federal statute.

5. Further, this Court has supplemental jurisdiction under Plaintiff's state law claims under the FCCPA as the claims arise from the same nexus.

6. Venue is appropriate in this jurisdiction because Plaintiff resides in this jurisdiction, the alleged acts and transactions complained of occurred here, and Defendant transacts and conducts a substantial portion of its business here.

## FACTUAL ALLEGATIONS

7. On or about June 2, 2022, Plaintiff bought internet equipment and services from Defendant, T-Mobile, pursuant to a purchase agreement (the "Agreement").

8. The Agreement for the internet equipment and services with T-Mobile allowed Plaintiff to cancel the services and equipment Agreement within (20) days for any reason.

9. Plaintiff received the internet equipment on June 7, 2022, but to Plaintiff's surprise, the equipment and services did not work.

10. After several days, Plaintiff was dissatisfied with the service and equipment.

11. On or about June 10, 2022, Plaintiff cancelled the Agreement with

Defendant for the equipment and services.

12. Plaintiff returned the equipment via mail using a "return kit" supplied by Defendant within the time required under the Agreement.

13. Defendant confirmed receipt of the equipment via an email to Plaintiff dated June 22, 2022.

14. Plaintiff was advised that T-Mobile would refund Plaintiff $5.85.

15. Defendant, however, continued auto-debiting $15 from Plaintiff's bank account every month for the returned equipment, which he no longer possessed, and the cancelled internet services.

16. Defendant also billed and collected $7 for a protection plan that Plaintiff never agreed to.

17. Thus, Defendant has collected money from Plaintiff without a legal right to do so.

18. Although Plaintiff has attempted to resolve this issue with Defendant, he has been unsuccessful.

19. Specifically, Plaintiff attempted to speak with a T-Mobile representative in person, requesting the representative ensure that the account was closed.

20. The representative confirmed the account was closed.

21. Thereafter, on June 21, 2023, Plaintiff received yet another bill from T-Mobile, requiring him to pay $23.00 to reinstate his account, despite requesting and confirming on numerous occasions that the account had been closed.

22. Plaintiff, again, visited a T-Mobile store to ensure the account was closed.

23. The representative contacted customer service and stated the charges had been removed and the account, once again, was closed.

24. T-Mobile then assigned or sold the debt to Convergent.

25. T-Mobile and Convergent then acted jointly to collect an illegitimate debt from Plaintiff.

26. On July 27, 2023, Plaintiff received a letter from Defendant, Convergent Outsourcing, Inc., a debt collector attempting to collect a debt on behalf of T-Mobile.

27. The letter from Convergent noted an overdue balance of $30.30 with T-Mobile as the original creditor.

## COUNT I AS TO DEFENDANT, T-MOBILE'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

28. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for internet equipment and services at his home.

29. Defendant is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

30. Defendant has knowingly collected money from Plaintiff without a legal right to do so because it knew Plaintiff cancelled the Agreement within the cancellation period, and it confirmed the equipment was timely returned.

31. As a result, Plaintiff has suffered actual damage, including but not limited to financial damage, humiliation, embarrassment, fear, anxiety, emotional distress, stress, and sleeplessness.

32. Because of the above violation of the FCCPA, T-Mobile is liable to Plaintiff for actual damages and statutory damages of $1,000 along with attorney's fees and all costs of Plaintiff's representation.

**COUNT II AS TO DEFENDANT, CONVERGENT OUTSOURCING, INC'S, VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692(f)**

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for internet equipment and services at his home.

34. Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in its business, the principal purpose of which is the collection of a debt owed or asserted to be owed or due to another.

35. Convergent attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for internet equipment and services for personal, family, or household purposes.

36. Convergent attempted to collect a known non-existent debt not permitted by law or by agreement when it sent letters to Plaintiff demanding payment of a debt not owed.

37. As a result of the FDCPA violations, Plaintiff suffered substantial damages including, but not limited to, actual damage incurred from Convergent's illegal debt collection conduct, consisting of humiliation, embarrassment, fear, anxiety, emotional distress, stress, and sleeplessness, and wasted time dealing with Convergent.

38. Because of its FDCPA violations, Convergent is liable to Plaintiff for statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq*.

**COUNT III AS TO DEFENDANT, CONVERGENT OUTSOURCING, INC'S, VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
§§ 1692(e) and 1692(e)(2)(A)**

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for internet equipment and services at his home.

39. Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in its business, the principal purpose of which is the collection of a debt owed or asserted to be owed or due to another.

40. Convergent falsely represented the character, amount, and legal status of a debt when it sent collection letters to Plaintiff demanding payment of a debt not owed.

41. As a result of the FDCPA violations, Plaintiff suffered substantial damages including, but not limited to, actual damage incurred from Convergent's illegal debt collection conduct, consisting of humiliation, embarrassment, fear, anxiety, emotional distress, stress, sleeplessness, and wasted time dealing with Convergent.

42. Because of its FDCPA violations, Convergent is liable to Plaintiff for statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq*.

# RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject to Defendant, T-Mobile's, illegal debt collection conduct in violation of the FCCPA. Further, Plaintiff has been subject to Defendant, Convergent's, illegal debt collection conduct in violation of the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff and for the following forms of relief:

a) Actual damages;

b) Statutory damages pursuant to Fla. Stat § 559.77(2);

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2)

e) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k;

f) a judgment awarding injunctive relief;

g) That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

h) Such other and further relief as the Court may deem just and proper.

**Plaintiff respectfully request a trial by jury on all issues so triable.**

Respectfully Submitted,

*/s/ Sarah Cibula Feller*
Darren R. Newhart, Esq.
FL Bar No: 0115546

Sarah Cibula Feller, Esq.
FL Bar No: 1027809
E-mail: darren@newhartlegal.com
      sarah@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946